ORFINGER, J.
After reserving the right to appeal the trial court’s denial of his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Leonardo Marrero pled no contest to felony driving while license suspended as a habitual offender in violation of section 322.34(5), Florida Statutes (2004). Marrero admits that his driver’s license was suspended as a habitual offender. However, Marrero contends that he was not required to have a license to operate the front-end loader he was driving when he was pulled over by a Florida Highway Patrol officer. We affirm.
In the court below, the State admitted each allegation contained in Marrero’s amended motion to dismiss, which alleged, in pertinent part:
2. The Defendant is charged with Driving While License Canceled, Suspended or Revoked (Habitual Offender).
3. On March 12, 2004, Leonardo Mar-rero was driving a yellow John Deere Front Loader on Fernwood Boulevard, Casselberry, Florida. The Front Loader that Mr. Marrero was operating had no “slow moving” sign (as required by law), and Mr. Marrero was not driving in a designated construction site. Trooper M.F. Medei of the Florida Highway Patrol ... observed Leonardo Marrero north [of] an old K-Mart Lot and turning east on Fernwood Boulevard. The trooper motioned Leonardo Marrero into Old Fern Park Station at the lot on the south side of the highway.
4. Trooper Medei ran a driver’s license computer check [which] revealed Leonardo Marrero’s driver’s license was suspended.
5. Trooper Medei arrested Leonardo Marrero for driving while license suspended.
Marrero acknowledges that driver’s licenses are generally required to drive any motor vehicle upon a highway in this state. § 322.03(1), Fla. Stat. (2004). For purposes of chapter 322, Florida Statutes, a “motor vehicle” is defined as:
any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in section 316.003.
§ 322.01(26), Fla. Stat. (2004). Clearly, the definition of motor vehicle is broad enough to include a front-end loader.
Nonetheless, Marrero argues that he is exempted from that general require *750 ment by section 322.04(l)(b), Florida Statutes (2004), which provides that:
(1) The following persons are exempt from obtaining a driver’s license:
[[Image here]]
(b) any person while driving or operating any road machine ... temporarily operated or moved on a highway.
To fall within this limited exception, Mar-rero would have had to allege in his motion to dismiss that the front-end loader was a “road machine” and was being operated “temporarily” on a highway. The State would have then had the opportunity to admit or deny those critical facts. Neither of these allegations were made in the motion to dismiss, nor can we say as a matter of law, that all front-end loaders are road machines. As a matter of common sense, we know that front-end loaders are sometimes used in road construction, but we also know that they are used in other types of construction as well. Further, we know nothing about whether Marrero’s operation of a front-end loader on the roadway was temporary or not. To us, it is likely that the question of whether this front-end loader was a road machine being temporarily operated on a highway is inherently one of fact, and not of law.
Accordingly, we affirm the trial court’s order denying Marrero’s motion to dismiss.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.